**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL ANTHONY SAMORA,

Plaintiff - Appellant,

v.

LIANE E. KERR,

Defendant - Appellee.

No. 07-2110

(D. New Mexico)

(D.C. No. CIV-07-200-JB-RHS)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Michael Anthony Samora, a prisoner proceeding pro se, brought claims

under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. §§ 1983, 1985, 1988, and 2000a-2 in

the United States District Court for the District of New Mexico against his former

criminal defense attorney, Liane Kerr. The district court granted Mr. Samora's

motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(b)(1) and dismissed

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his claims sua sponte under § 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(6).

On appeal Mr. Samora argues only that he was denied his Sixth Amendment right to a speedy trial. Because he did not allege in his complaint or argue in his brief that the violation was the product of a conspiracy, *see* 42 U.S.C. § 1985, or of discrimination or segregation, *see id.* at § 2000a-2, we presume that he challenges the district court's decision with respect to his claims against Kerr under §§ 1343(a)(3) and 1983. *See Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) ("[W]e must construe a pro se appellant's complaint liberally.").

To state a claim under §§ 1343(a)(3) and 1983, a plaintiff must allege that a constitutional violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Private actors ordinarily cannot be said to act under color of state law. In particular, "[t]he conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law . . . ." *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (internal quotation marks omitted). Mr. Samora does not allege that Kerr committed the violation under color of state law. Thus, the district court ruled correctly.

We AFFIRM the district court's dismissal of Mr. Samora's complaint.  We

DENY Mr. Samora's application to proceed *in forma pauperis*.


                              ENTERED FOR THE COURT


                              Harris L Hartz
                              Circuit Judge